RECEIVED
IN LAKE CHARLES, LA
DEC 21 2012
TONY R. MOORE, CLERK
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

---

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

SINOTECH ENERGY, LTD., GUOQIANG XIN, QINGZENG LIU, AND BOXUN ZHANG

    Defendants.

Case No.: 2:12-cv-00960-PM-KK

Judge Patricia Minaldi

Magistrate Judge Kathleen Kay

---

## FINAL JUDGMENT AS TO DEFENDANT QINGZENG LIU

The Securities and Exchange Commission having filed a Complaint and Defendant Qingzeng Liu ("Defendant") having entered an appearance; consented, solely for purposes of settling this action, to the Court's *in personam* and subject matter jurisdiction; consented to entry of this Final Judgment without otherwise admitting or denying the allegations of the Complaint, waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud, to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1], directly or indirectly, by knowingly falsifying or causing to be falsified any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting violations of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1 and 13a-16 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-16;], directly or indirectly, by knowingly providing substantial assistance to an issuer having securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or any issuer which is required to file reports

2

pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], by:

(a) failing to file with or furnish to the Commission any report required to be filed or furnished to the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], and the rules and regulations promulgated thereunder; or

(b) filing with or furnishing to the Commission a report required to be filed with or furnished to the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder that: (1) contains an untrue statement of material fact; (2) fails to include, in addition to the information required to be stated in such report, such further material information as may be necessary to make the required statements, in light of the circumstances under which they were are made, not misleading; or (3) fails to disclose any information required to be disclosed therein.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A); 15 U.S.C. § 78m(b)(2)(B)], directly or indirectly, by knowingly providing substantial assistance to an issuer having securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)], by:

(a) failing to make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of its assets; and

(b) failing to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that

    i. transactions are executed in accordance with management's general or specific authorizations;

    ii. transactions are recorded as necessary (A) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (B) to maintain accountability for assets;

    iii. access to assets is permitted only in accordance with management's general or specific authorization; and

    iv. the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, controlling any person who violates Exchange Act Sections , 13(a), 13(b)(2)(A) and 13(b)(2)(B) [15 U.S.C. §§ 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)], and Rules 12b-20, 13a-1, and 13a-16 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-16], unless Defendant acts in good faith and does

4

not directly or indirectly induce the act or acts constituting the violation.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all relief not expressly granted herein is denied.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2012

UNITED STATES DISTRICT JUDGE

5