RECEIVED
LAKE CHARLES, LA

DEC 21 2012

TONY R. MOORE, CLERK
BY /s/ _____
     DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

vs.

SINOTECH ENERGY, LTD., GUOQIANG XIN,
QINGZENG LIU, AND BOXUN ZHANG

        Defendants.

Case No.: 2:12-cv-00960-PM-KK

Judge Patricia Minaldi

Magistrate Judge Kathleen Kay

## FINAL JUDGMENT AS TO DEFENDANT GUOQIANG XIN

The Securities and Exchange Commission having filed a Complaint and Defendant Guoqiang Xin ("Defendant") having entered an appearance; consented, solely for purposes of settling this action, to the Court's in personam and subject matter jurisdiction; consented to entry of this Final Judgment without otherwise admitting or denying the allegations of the Complaint, waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5] directly or indirectly, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in

connection with the purchase or sale of any security, to employ any device, scheme, or artifice to defraud, to make any untrue statement of material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] by, in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, employing any device, scheme, or artifice to defraud, obtaining money or property by means of any untrue statement of material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14], directly or indirectly, by certifying a periodic report containing

financial statements filed by an issuer pursuant to section 13(a) of the Exchange Act but failing to:

(a) review the report;

(b) ensure, to the best of his knowledge, that the report does not contain any untrue statement of a material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by the report;

(c) ensure, to the best of his knowledge, that financial statements, and other financial information included in a report, fairly present in all material respects the financial condition, results of operations and cash flows of the issuer as of, and for, the periods presented in the report;

(d) ensure that each has established and maintained disclosure controls and procedures, as defined in Exchange Act Rules 13a-15(e) and 15d-15(e), for the issuer and has: (i) designed such disclosure controls and procedures, or caused such disclosure controls and procedures to be designed under his supervision, to ensure that material information relating to the issuer, including its consolidated subsidiaries, is made known to him by others within those entities, particularly during periods in which the periodic report is being prepared; (ii) evaluate the effectiveness of the issuer's disclosure controls and procedures and presented in this report his conclusions about the effectiveness of the disclosure controls and procedures, as of the end of the period covered by the report based on such evaluation; and (iii) disclose in the report any change in the issuer's internal control over financial reporting that occurred during the issuer's most recent fiscal

     quarter (the issuer's fourth quarter in the case of an annual report) that materially affected, or was reasonably likely to materially affect, the issuer's internal control over financial reporting; and

 (e) ensure that he discloses, based on his most recent evaluation of internal controls over financial reporting, to the issuer's board of directors (or persons performing the equivalent functions): (i) all significant deficiencies and material weaknesses in the design or operation of internal controls over financial reporting which were reasonably likely to adversely affect the issuer's ability to record, process, summarize and report financial information; and (ii) any fraud, whether or not material, that involves management or other employees who had a significant role in the issuer's internal controls over financial reporting.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-1], directly or indirectly, by knowingly falsifying or causing to be falsified any book, record, or account subject to Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service

or otherwise are permanently restrained and enjoined from aiding and abetting violations of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1 and 13a-16 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-16;], directly or indirectly, by knowingly providing substantial assistance to an issuer who files or causes to be filed with the Commission any periodic or current report pursuant to Exchange Act Section 13(a) and the rules and regulations promulgated thereunder by:

    (a) failing to file with or furnish to the Commission any report required to be filed or furnished to the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)], and the rules and regulations promulgated thereunder; or

    (b) filing with or furnishing to the Commission a report required to be filed with or furnished to the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and the rules and regulations promulgated thereunder that: (1) contains an untrue statement of material fact; (2) fails to include, in addition to the information required to be stated in such report, such further material information as may be necessary to make the required statements, in light of the circumstances under which they were are made, not misleading; or (3) fails to disclose any information required to be disclosed therein.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A); 15 U.S.C.

§ 78m(b)(2)(B)], directly or indirectly, by knowingly providing substantial assistance to an issuer having securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)] who fails to:

   (a) make and keep books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of its assets; and

   (b) devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that

      i. transactions are executed in accordance with management's general or specific authorizations;

      ii. transactions are recorded as necessary (A) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (B) to maintain accountability for assets;

      iii. access to assets is permitted only in accordance with management's general or specific authorization; and

      iv. the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service

or otherwise are permanently restrained and enjoined from, directly or indirectly, controlling any person who violates Exchange Act Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) [15 U.S.C. 78m(a), 78m(b)(2)(A) and 78m(b)(2)(B)], and Rules 12b-20, 13a-1, and 13a-16 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1 and 240.13a-16], unless Defendant acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is permanently prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all relief not expressly granted herein is denied.

XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____, 2012

_____
UNITED STATES DISTRICT JUDGE

7